**Kathleen CROAK, Appellant,**

v.

**Clarence E. WINES, Respondent.**

**No. 39578.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 28, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 15, 1978.

Application to Transfer Denied
Jan. 8, 1979.

James S. Collins, II, St. Louis, for appellant.

Ben Ely, Jr., Amy R. Reichman, St. Louis, for respondent.

CLEMENS, Judge.

Motor vehicle collision case wherein verdict and judgment were for defendant. Plaintiff has appealed, contending defendant's converse instruction erroneously injected the element of negligence as a requirement into plaintiff's *per se* submission of violating the speed limit. We agree and reverse and remand for a new trial.

The court gave two verdict directors for plaintiff. One submitted defendant's negligence in failing to keep a careful lookout (MAI 17.01–17.05); there is no issue as to this. Plaintiff's other verdict director submitted defendant's excessive speed, without reference to negligence (MAI 17.18—Per Se Negligence—Violating Speed Limit).

Defendant countered both verdict directors with a single converse instruction. It told the jury to find for defendant unless plaintiff's damage was the "direct result of defendant's negligence." (MAI 33.03(4)).

Plaintiff contends on appeal that the converse instruction was erroneous. She argues that her excessive speed instruction properly omitted a finding of negligence since violating a speed limit is negligence *per se,* and that defendant's converse instruction erroneously declared plaintiff could not recover under that instruction unless defendant *negligently* drove at an excessive speed. We agree that defendant's converse instruction was erroneous as to plaintiff's excessive speed *per se* submission.

Defendant argues that his challenged instruction "conversed causation, not negligence." Not so. Negligence is presumed under a *per se* submission. The instruction plainly told the jury it must find for defendant unless plaintiff was injured "as a direct result of defendant's negligence." This was erroneous when applied to plaintiff's excessive speed submission since that instruction properly omitted a finding that defendant's speed was negligent.

Judgment reversed and cause remanded.

REINHARD, P. J., and GUNN, J., concur.